1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                           **EASTERN DISTRICT OF CALIFORNIA**

8

9

10

11  ALBERT TASHCHIAN,                      )  Case No.: 1:25-cv-01289-SKO (HC)
                                           )
12              Petitioner,                )  ORDER DIRECTING CLERK OF COURT TO
                                           )  ASSIGN DISTRICT JUDGE
13                                         )
                                           )  FINDINGS AND RECOMMENDATIONS TO
14        v.                               )  SUMMARILY DISMISS PETITION FOR WRIT
                                           )  OF HABEAS CORPUS
15                                         )
                                           )
16  WARDEN OF GOLDEN STATE ANNEX           )
    DETENTION FACILITY, et al.,            )
17                                         )
                                           )
             Respondents.                  )
18                                         )

19

20          Petitioner is an immigration detainee proceeding pro se and in forma pauperis with a petition

21  for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued detention

22  by the Bureau of Immigration and Customs Enforcement ("ICE").  He claims he should be

23  immediately released because he has detained for longer than the six-month presumptively reasonable

24  period of detention, and there is good reason to believe his removal is not significantly likely to occur

25  in the reasonably foreseeable future.

26

27

28

                                              1

1    The Court hereby takes judicial notice of <u>Tashchian v. Warden of Golden State Annex Det.</u>

2 <u>Facility</u>, Case No. 25-cv-00752-SKO (HC).[1] In that petition, Petitioner claimed his continued

3 detention was unlawful because he could not be removed to Armenia as he was not an Armenian

4 citizen. He claimed he should be released because removal was not likely in the reasonably

5 foreseeable future.  On September 19, 2025, the Court denied the petition. Five days later, September

6 24, 2025, Petitioner refiled the petition and commenced the instant case. (Doc. 1.) The claims

7 presented here are the same claims rejected in the prior case.  Other than the passage of five days'

8 time, nothing has changed.  Rule 9(b) of the Fed. Rules Governing § 2254 Cases[2] provides:

9    "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new
     or different grounds for relief and the prior determination was on the merits or, if new and
10    different grounds are alleged, the judge finds that the failure of the petitioner to assert those
     grounds in a prior petition constituted an abuse of the writ."

11

12 The prior denial was on the merits, and Petitioner fails to establish any new or different grounds for

13 relief, or any new factual developments. As discussed in the previous order, should the situation

14 change and Armenia again denies Petitioner a travel document, his arguments might have merit.

15 However, nothing has changed from the time the Court denied the petition five days prior. Thus, the

16 Court finds the instant petition to be an abuse of the writ.

17    Accordingly, the Court will recommend summarily dismissing the petition for the same

18 reasons stated in the prior denial and as an abuse of the writ. For reference, the Court includes the

19 order denying the petition, as follows:

20 **I.    BACKGROUND[3]**

21    Petitioner was born in what is now Armenia, and he was paroled into the United States
     in 1987 while a citizen of the Union of Soviet Socialist Republics ("USSR"). In 2022,
22    Petitioner was convicted in Fresno County Superior Court of dissuading a witness from
     prosecuting a crime. (Doc. 11-1 at 2.) He was sentenced to two years imprisonment.
23    (Doc. 11-1 at 2.)

24

25 [1] See <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

26

27 [2] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

28 [3] This information is derived from the parties' pleadings and the exhibits submitted by Respondent.

1

2

3

4

On December 4, 2024, the Bureau of Immigration and Customs Enforcement ("ICE") took Petitioner into custody and placed him in removal proceedings under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). On December 16, 2024, an immigration judge ordered Petitioner to be removed to Brazil, or in the alternative, Armenia. (Doc. 11-1 at 2.) Petitioner waived his rights to appeal and the order became final. (Doc. 11-1 at 2.)

5

6

On December 19, 2024, ICE prepared and sent an application for a travel document to Brazil. (Doc. 11-1 at 3.) On December 23, 2024, Brazil denied acceptance of Petitioner. (Doc. 11-1 at 3.)

7

8

On December 27, 2024, ICE prepared and sent an application for a travel document to Armenia. (Doc. 11-1 at 3.) On April 4, 2025, the Armenian consulate denied the application for travel document. (Doc. 11-1 at 3.)

9

10

On May 19, 2025, ICE prepared and resubmitted the application for a travel document. (Doc. 11-1 at 3.) The application remains pending, and ICE believes there is a significant likelihood of removal in the foreseeable future. (Doc. 11-1 at 3.)

11

12

On June 20, 2025, Petitioner filed a petition for writ of habeas corpus. (Doc. 1.) On August 7, 2025, Respondent filed a response to the petition. (Doc. 11.) Petitioner did not file a traverse to the response.

13

## II.    DISCUSSION

14

15

Petitioner states he has been in continuous detention since approximately December 4, 2024. He claims ICE will not be able to remove him because he is a citizen of the former U.S.S.R., and therefore, Armenia will not accept him. He claims he should be given a bond hearing, or in the alternative, released from custody.

16

       1.      Post-Removal Detention Period

17

18

19

20

21

The removal period set forth in 8 U.S.C. § 1231(a)(1)(B) is 90 days from the date the order of removal becomes administratively final, and the detention is governed by § 1231(a)(2). The Attorney General is required to remove the alien from the United States within this 90-day removal period. Beyond the 90 days, ICE has the discretionary authority under § 1231(a)(6) to detain certain aliens or to release them under an order of supervision. Here, Petitioner has been detained beyond the 90-day removal period. He was taken into ICE custody on December 4, 2024, and his removal order became final on December 16, 2024. The parties do not dispute that Petitioner has been detained for approximately six months beyond the general 90-day removal period.

22

23

24

25

26

Continued detention beyond the removal period is governed by the Supreme Court decision in Zadvydas v. Davis, 533 U.S. 671 (2001). In Zadvydas, the Supreme Court adopted a presumptively reasonable six-month period of detention. Id. Beyond that six-month period, an alien is entitled to relief if he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

27

28

Here, Petitioner has been detained approximately three months beyond the presumptively reasonable six-month period of detention. The Court finds that Petitioner has not met his burden to show that there is no significant likelihood of removal in the

reasonably foreseeable future.  As noted by Respondent, although there is some issue as to Petitioner's citizenship status, it is undisputed Petitioner was born in what is now Armenia. Although Armenia initially denied the application for a travel document, ICE resubmitted the application in late May and is currently working toward obtaining a travel document. Given the application for travel document was recently resubmitted, and a decision from Armenia is pending, it cannot be said that Petitioner is unremovable. He has not established that he "is unremovable because the destination country will not accept him or his removal is barred by our own laws." Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008) (citing Zadvydas, 533 U.S. at 697).

The Court further finds that Petitioner's detention to date is not unreasonable. The circumstances of Petitioner's citizenship at the time he was paroled into the United States have created some obstacles. Nevertheless, ICE has been diligent in working toward obtaining a travel document for Petitioner's removal. The period of detention beyond that which is considered presumptively reasonable is short – three months. By comparison, in Zadydas, the petitioner had been detained for several years while efforts to remove him to Germany, Lithuania and Dominican Republic had proved unsuccessful, and there was no significant likelihood that the circumstances would change and deportation would be accomplished. Zadvydas, 533 U.S. at 684-85.  Thus, the Court finds that Petitioner has not shown "that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 70.  However, should Armenia again deny the application, and provided the denial is a refusal to accept Petitioner, Petitioner's claim would have more merit. As of now, however, Petitioner has been detained a relatively short period of time beyond the presumptively reasonable time period, an application for travel document is currently pending, and removal remains reasonably foreseeable in the near future.

### 2.    Bond Hearing

Petitioner also claims entitlement to a bond hearing. Respondent correctly notes that Petitioner's arguments rely entirely on authority interpreting 8 U.S.C. §§ 1225 & 1226. Petitioner is not being detained pursuant to these statutes, but rather, § 1231. Petitioner has apparently copied pleadings from other inmates who, unlike him, are contesting their removability while being detained. Petitioner, on the other hand, has been ordered removed and waived his rights to appeal.  The arguments are inapplicable. Nevertheless, Petitioner claims due process entitles him to a bond hearing for his continued detention. He contends the Court should balance certain factors in determining what process is due. As noted by the Eighth Circuit in Banyee v. Garland, 115 F.4th 928, 933 (8th Cir. 2024) (citing Zadvydas, 533 U.S. at 682), the Supreme Court in Zadvydas has already done whatever balancing is necessary by linking a "reasonable time limitation" to "the likelihood or removal in the reasonably foreseeable future."

### III.    ORDER

Accordingly, IT IS HEREBY ORDERED:
1)  The petition for writ of habeas corpus be DENIED; and
2)  The Clerk of Court is directed to enter judgment and close the case.
3)

Tashchian, Case No. 25-cv-00752-SKO (HC). (Doc. 13.)

4

**ORDER**

The Clerk of Court is DIRECTED to assign a District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS the petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **October 2, 2025**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

5